IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TALYA ZOLICOFFER,<br>    Plaintiff,<br><br>v.<br><br>OFFICER LUCAS HANNY,<br>SUPERVISOR WILLIAM<br>ENGLAND, and PEORIA POLICE<br>DEPARTMENT, PEORIA, ILLINOIS,<br>    Defendants. | Case No. 1:24-cv-01302-JEH |

### Order

Now before the Court is *pro se* Plaintiff Talya Zolicoffer's re-filed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11). For the reasons set forth below, the Plaintiff's Application to Proceed *in forma pauperis* (IFP) is GRANTED and his Complaint is DISMISSED with prejudice.

Because the Plaintiff's re-filed Application to Proceed IFP sufficiently demonstrates that he is unable to pay the costs of these proceedings, the Application is granted.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4)

the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff brings his suit pursuant to 42 U.S.C. § 1983. He names the Peoria, Illinois Police Department, Reporting Officer Lucas Hanny, and Approving Supervisor William England as Defendants. The Plaintiff alleges that his constitutional rights were violated on August 11, 2022. On his form Pro Se Civil Rights Complaint the Plaintiff checked the following boxes: the Defendants used excessive force upon him; the Defendants failed to intervene to protect him from the violation of his civil rights by one or more other Defendants; and the Defendants conspired together to violate his civil rights. Plf's Compl. (Doc. 1 at pg. 5). Specifically, the Plaintiff alleges in a document attached to his Complaint that he was shot by two Peoria, Illinois police officers and the Peoria Police Department did not tell the truth in the report. Plf's Exh. (Doc. 2 at pg. 2). The Plaintiff alleges that his constitutional rights were violated on August 11, 2022, though medical records attached to his Complaint indicate he was brought to the hospital on August 12, 2022 (with the arrival time of 0354 indicated) for treatment of a gunshot wound to his abdomen, a Peoria Police Department Complaint Form the Plaintiff completed identifies August 12, 2022 as the date of the incident he was shot "multiple time [sic]" by the officers, and the video the Plaintiff submitted to the Court is dated August 12, 2022. Plf's Exhs. (Doc. 2 at pg. 111), (Doc. 8 at pg. 2); DVD (conventionally held in Clerk's Office). He seeks $100,000,000,000 in damages.

The video submitted to the Court is a police officer's vest camera footage from August 12, 2022 beginning at 3:30 a.m. The video depicts that police officers arrived on the scene where the Plaintiff was laying with a gunshot wound. What the footage definitively shows is that the Plaintiff had already been shot *before* police officers arrived on the scene. The video the Plaintiff himself provided

2

directly contradicts his allegations that two Peoria police officers shot him on August 12, 2022. In other words, this action is frivolous. *See* Black's Law Dictionary (12th ed. 2024) (defining frivolous as "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law"). The Plaintiff has simply pled himself out of court.

The Plaintiff's claims are accordingly dismissed with prejudice as it is certain from the face of the Complaint that any amendment would be futile. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (explaining a court should grant leave to amend after dismissal of the first complaint "unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted").

For the foregoing reasons, the Plaintiff's re-filed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11) is GRANTED, and the Plaintiff's Complaint is DISMISSED with prejudice. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on January 10, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE